FILED: August 29, 2023

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4219
(2:18-cr-00022-RBS-RJK-1)

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

TARON DEVELLE WALKER,

        Defendant - Appellant.

O R D E R

        Taron Develle Walker seeks to appeal his conviction and sentence. The Government has moved to dismiss the appeal as untimely.

        In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government

promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

The district court entered judgment on August 16, 2018. Walker filed the notice of appeal on March 23, 2023.* Because Walker failed to file a timely notice of appeal or to obtain an extension of the appeal period and the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion to dismiss the appeal.

Entered at the direction of the panel: Judge King, Judge Agee, and Judge Benjamin.

For the Court

/s/ Patricia S. Connor, Clerk

---

* In an affidavit affixed to the notice of appeal, Walker claims to have delivered the notice to prison officials for mailing on August 20, 2018. However, we note that the notice of appeal was placed in the prison mailbox system of McKean FCI and that Walker was not transferred to that facility until November 2021. Additionally, the Government has introduced uncontroverted evidence that the stamp affixed to the envelope was not introduced until late 2019. We therefore do not afford Walker's affidavit any weight.